# ORIGINAL

FILED
U.S. DISTRICT COURT
AUG... ...

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA 2010 JUN 30 AM 8: 29

### DUBLIN DIVISION

CLERK _L. Flanders_
SO. DIST. OF GA.

JUAN MANUEL ORTIZ-ALVEAR, )
)
    Petitioner, )
)
v. )    CV 309-092
)
WALT WELLS, Warden, and ERIC )
HOLDER, JR., Attorney General,[1] )
)
    Respondents. )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241. Respondent has filed his response to the petition. (Doc. no. 6.) Petitioner also filed a reply brief. (Doc. no. 8.) For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Eric Holder, Jr., the Attorney General be **DISMISSED**, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

## I. BACKGROUND

Petitioner was convicted in the United States District Court for the Eastern District of New York in 1995 of laundering money, trafficking drugs, and structuring financial

---

[1]Although Petitioner named multiple Respondents in his petition, as discussed in *infra*, only Walt Wells, Warden of McRae Correctional Facility, is the proper Respondent in this action.

transactions. (Doc. no. 1, p. 2.) He was sentenced to 210 months of imprisonment (id.; United States v. Ortiz, 906 F. Supp. 140, 141 (E.D.N.Y. 1995), and is currently serving his sentence at McRae. Petitioner filed an appeal of his conviction; his appeal was denied. Petitioner then filed a 28 U.S.C. § 2255 motion that was also denied. (Doc. no. 6, p. 2.)

Thereafter, Petitioner filed a 28 U.S.C. § 2241 challenging the calculation of his sentence; this petition was denied. See Ortiz v. Lappin, Civil Case No. 308-055 (S.D. Ga. June 24, 2009) (hereinafter "CV 308-055").[2] Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is now attempting to invoke § 2241 via the "savings clause" of 28 U.S.C. § 2255, arguing that his "actions did not raise to a conviction for money laundering' under the Supreme Court's ruling in Cuellar v. United States, 553 U.S. 550 (2008) decision.[3] (Doc. no. 1.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. Proper Respondent

Petitioner named Walt Wells, Warden, and Eric Holder, Jr., the Attorney General of the United States as Respondents in this case. However, the Attorney General of the United

---

[2]Petitioner appealed the judgment; the appeal was denied. CV308-055, doc. no. 49.

[3]In Cuellar, the Supreme Court held that under 18 U.S.C. § 1956(a)(2)(B)(i), "a conviction . . . requires proof that the purpose -not merely the effect- of the transportation was to conceal or disguise a listed attribute." Cuellar. 553 U.S. at – , 128 S. Ct at 2005. Petitioner argues that Cuellar applies retroactively. As such, in light of Cuellar, Petitioner claims that the evidence introduced by the government was not sufficient to permit a reasonable jury to conclude beyond a reasonable doubt, that his transportation was designed to conceal or disguise the nature, location, source, ownership, or control of the funds he was transporting, and thus, he should not have been convicted. (See generally doc. no. 1.)

States is not a proper respondent because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965).[4] Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae Correctional Facility, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Eric Holder, Jr., the Attorney General of the United States, be **DISMISSED** from this case.

### B.  Savings Clause of § 2255

Although this case was commenced pursuant to 28 U.S.C. § 2241, the Court must consider the availability of habeas relief under the circumstances of this case. The petition is clear that Petitioner is attacking the validity of his sentence because he claims he is innocent of the money laundering conviction. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

3

In the instant case, Petitioner has attempted to circumvent these requirements by filing a petition under § 2241, but a federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. ¶ 5. However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner argues that in light of the Supreme Court's holding in Cuellar, the evidence in his case was insufficient to convict him of money laundering. Notably, however,

4

as set forth above, Petitioner must satisfy all three prongs of the test before the savings clause of § 2255 can "open the portal" to § 2241 relief. Here, contrary to Petitioner's argument, no Supreme Court decision has held that Cuellar applies retroactively. See Tyler v. Cain, 533 U.S. 656, 662 (2001) (finding that newly recognized right is retroactive only if the Supreme Court has held that the new rule is retroactively applicable to cases on collateral review); see also Siu v. United States, Civil Case No. C08-1407, 2009 WL 2032028, * 7 (W.D. Wash. July 7, 2009) (noting the Supreme Court itself has not held that Cuellar applies retroactively). As Petitioner cannot meet the first prong of Wofford, the savings clause does not apply. Consequently, the instant petition should be denied.

## III.    CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that Eric Holder, Jr., the Attorney General be **DISMISSED**, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this ⎯ day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE